## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VALENTINA PICHUGIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC; and | ) |
| WELLS FARGO BANK, N.A., d/b/a/ | ) |
| WELLS FARGO HOME MORTGAGE | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff Valentina Pichugin brings this action to secure redress from unlawful credit reporting practices of defendants Experian Information Solutions, INC. ("Experian"), and Wells Fargo Bank, N.A. ("Wells Fargo"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3.      Venue in this District is proper because each defendant is subject to jurisdiction here.

**PARTIES**

4.     Plaintiff Valentina Pichugin is an individual who resides in Highland Park, Illinois.

5.     Defendant Experian is a credit reporting agency that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

6.     Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage, is a corporation which does business in Illinois.  Its registered agent in Illinois is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL.

**FACTS**

7.     In June 2003, plaintiff bought a condominium.

8.     The purchase was financed by two Wells Fargo mortgages: mortgage-first (account #002346...) and mortgage-junior (account # 654847...).

9.     Plaintiff made all payments as scheduled on both of these Wells Fargo accounts until she paid them off in full.

10.     On April 21, 2004, plaintiff filed for Chapter 13 Bankruptcy.

11.     Despite this bankruptcy, plaintiff was current on her mortgage payments throughout the entire Chapter 13 process, and a Chapter 13 Trustee did not pay her mortgage. A copy of plaintiff's Chapter 13 financial summary with the list of scheduled debt and claims is attached as Appendix A.

12.     Plaintiff completed her Chapter 13 plan and received a Discharge of Chapter 13 on September 5, 2008.

2

13.     Plaintiff continued paying off both of her Wells Fargo accounts as scheduled after the discharge of the Chapter 13.

14.     Plaintiff paid off her mortgage-junior account (654847.....) in October of 2009, and she received a Satisfaction of Real Estate Mortgage by bank from Wells Fargo for this loan in January of 2010 (Appendix B).

15.     Plaintiff paid off her mortgage-senior account (002346...) on June 21, 2010.

16.     Upon requesting copies of her credit report from Experian, Equifax, and TransUnion in April of 2010, plaintiff noticed there were multiple erroneous notations in her reports related to these Wells Fargo accounts.

17.     Between April of 2010 and the end of June 2010, plaintiff disputed the erroneous information with the credit bureaus. Most mistakes at the time were corrected, but information about both of plaintiff's accounts with Wells Fargo remained incorrect.

18.     Plaintiff's mortgage-junior account (654847...) listed a notation saying "Debt included in Chapter 13 bankruptcy on December 31, 2009. This account is scheduled to continue on record until September 2015...This item was verified and updated in June 2010." (Appendix C).

19.     Plaintiff's mortgage-senior account (002346...) listed a notation saying "Debt included in Chapter 13 Bankruptcy on April 21, 2004. This account is scheduled to continue on record until April 2011." (Appendix C).

20.     On information and belief, Wells Fargo verified this information to Experian on several occasions.  A letter dated June 4, 2010 from Wells Fargo regarding

mortgage-junior account (654847...) attached as <u>Appendix D</u> indicates that Wells Fargo verified

that the disputed account was discharged in bankruptcy.

21.     On or around December 28, 2010, after viewing a credit report that

plaintiff believed had been corrected, plaintiff noticed that the previously-deleted bankruptcy

notation regarding partial account number 654847... had reappeared in her credit. On December

28, 2010, plaintiff sent the letter attached as <u>Appendix E</u> to Experian and Wells Fargo.

22.     On January 12, 2011, Wells Fargo verified the notations on the account.

See <u>Appendix F.</u>

23.     On January 13, 2011, Experian sent plaintiff a credit report that included

the incorrect bankruptcy notations for plaintiff's mortgage-junior account (654847...).  <u>See</u>

<u>Appendix G.</u>

24.     This same January 13, 2011 credit report from Experian correctly lists

plaintiff's mortgage-senior account (002346...) without the bankruptcy notations.

25.     On February 1, 2011, plaintiff received the letter attached as <u>Appendix H</u>

from Wells Fargo.

26.      Plaintiff has been damaged by the false reporting. Plaintiff lost the

contract on a different home that she was planning to buy. Because plaintiff sold the

condominium property these loans served, and since she was unable to obtain a mortgage to

finance the purchase of a new home, she has been forced to rent a place to live. Plaintiff's credit

has also been severely damaged by the actions of Experian and Wells Fargo. Plaintiff has also

expended extensive time and effort dealing with the false reporting.

4

## COUNT I – FCRA CLAIM AGAINST EXPERIAN

27.     Plaintiff incorporates ¶¶1-26.  This claim is against Experian.

28.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required  to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on her credit report.  Section 1681i provides:

**§1681i.  Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

**(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph**

5

(1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). ...

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. ...

29. Experian willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report.

30. Experian violated 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Experian for:

(1)     Appropriate actual, punitive and statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

6

(3)     Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST WELLS FARGO

31.     Plaintiff incorporates ¶¶1-26. This claim is against Wells Fargo.

32.     Wells Fargo violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate when Experian contacted Wells Fargo in response to plaintiff's complaints and in providing false information as a result. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
>> **(A) conduct an investigation with respect to the disputed information;**
>>
>> **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
>>
>> **(C) report the results of the investigation to the consumer reporting agency; and**
>>
>> **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

7

33.     Wells Fargo committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

34. Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**

>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

>> **(2) such amount of punitive damages as the court may allow; and**

>> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

35. Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

> **(1) any actual damages sustained by the consumer as a result of the failure;**

> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

36. Section 1681p provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**
   **(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**
   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and

against Wells Fargo for:

|       |                                                           |
|-------|-----------------------------------------------------------|
| (1)   | Appropriate actual, punitive and statutory damages;       |
| (2)   | Attorney's fees, litigation expenses and costs of suit;   |
| (3)   | Such other or further relief as the Court deems proper.   |

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\24734\Complaint_.wpd