**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VALENTINA PICHUGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 11 CV 04375 |
| v. | ) |
| | ) |
| | ) Judge Sharon Johnson Coleman |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., and WELLS FARGO BANK, N.A., | ) |
| d/b/a Wells Fargo Home Mortgage, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Valentina Pichugin alleges that defendants Experian Information Solutions and Wells Fargo Bank inaccurately stated in her credit report that she had discharged her mortgage debt in a bankruptcy proceeding when she in fact paid it in full without bankruptcy relief. She claims that the defendants' inaccurate reporting violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Wells Fargo seeks dismissal of the claim against it, asserting that her claim is barred by the Bankruptcy Code and that it does not state a claim for FCRA violation. The court finds that the Pichugin's allegations are insufficient to state a claim of FCRA liability against Wells Fargo, and accordingly dismisses the claims against that defendant without prejudice.

Background

For the purposes of Wells Fargo's motion to dismiss, the court takes as true the factual allegations of the complaint, which are as follows. Valentina Pichugin purchased a condominium in June of 2003, financing the purchase with two Wells Fargo mortgages. Pichugin filed for Chapter 13 Bankruptcy in April of 2004 and she received a discharge of some of her debts on September 5, 2008. In October of 2009, Pichugin paid off the second mortgage completely and in June of 2010, she paid off her first mortgage completely. Pichugin learned that her credit reports showed that her mortgage debts had been discharged through bankruptcy, and she disputed the erroneous information on her credit report first with the credit bureaus, and later with Wells Fargo. Despite her dispute letters to both Wells Fargo and Experian, the defendants failed to investigate or correct the erroneous reporting.

Wells Fargo has moved to dismiss Pichugin's claims against it pursuant to Rule 12(b)(6), contending that her claims are barred by the Bankruptcy Code and that they are insufficient to state a claim for relief under the FCRA.

Bankruptcy Code Bar

Wells Fargo argues that Pichugin's claim is barred by the Bankruptcy Code. As support for this claim, the bank cites *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002), *In re Mogg,* 2007 WL 2608501 (Bkrtcy. S.D. Ill., September 5, 2007), and *Goad v. MCT Group,* 2010 WL 1407257 (S.D. Cal. April 6, 2010). Each of the cases cited by the bank is distinguishable from the matter at issue here. In *Mogg,* the bankruptcy court merely held that its jurisdiction over bankruptcy matters did not extend to a fair debt collection practices claim. 2007 WL 2608501 at *3.

In *Walls,* the plaintiff alleged that her debt to defendant had been discharged in bankruptcy, and that the defendant's collection attempts in spite of the discharge were prohibited by the Bankruptcy Code. The plaintiff asserted both a private right of action under the Bankruptcy Code and an unfair debt collection practices claim. 276 F.3d at 504. The court held that remedies for violations of the Code's prohibitions were provided exclusively by the Code, and that the unfair debt collection claim for the same conduct was precluded. 276 F.3d at 510-511. The *Goad* court, presented with similar claims, cited *Walls* in reaching the same conclusion. 2010 WL 1407257 at *2-*3. In each case, the court observed that the continued existence of the plaintiff's debt and the propriety of the defendant's collection attempts would be determined by reference to the Bankruptcy Code.

No such reference to the Bankruptcy Code is required by the Pichugin's allegations here. She claims that her debt to Wells Fargo was paid in full outside the bankruptcy proceeding. Neither party suggests that a Bankruptcy Code violation is at issue, that bankruptcy law must be interpreted in order to determine whether the bank's actions were appropriate for FCRA purposes, or that a bankruptcy court would have jurisdiction over her claim.

This court is aware of no authority for the proposition the FCRA actions are precluded by the Bankruptcy Code even where the debt reported was not addressed by a bankruptcy proceeding. The fact that other district courts in this circuit have entertained FCRA claims for post-bankruptcy credit reporting inaccuracies suggests that no such blanket preclusion is recognized in this jurisdiction. See *Elkins v. Equifax, Inc.*, 2009 WL 632128 (N.D. Ill. Mar. 9, 2009); *Purdue Employees, Federal Credit Union v. Van Houten*, 2008 WL 4414712 (N.D. Ind. Sept. 24, 2008). The court accordingly concludes that the Bankruptcy Code does not bar

Pichugin's FCRA claim.

### Sufficiency of FCRA Claim Under Section 1681s-2(b)

The FCRA is intended to protect consumers against inaccurate credit information bearing on their credit worthiness. *Id.* at 927. Section 1681s-2(b) of the Act outlines the duties of a furnisher of information upon notice of dispute. It provides:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness of accuracy of any information provided by a person to a consumer reporting agency, the person shall -
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency . . .

15 U.S.C. §1681s-2(b).

A duty to investigate and report inaccuracies is imposed on the furnishers of information when the inaccuracy is provided by a consumer reporting agency, and not by the consumer. *Gulley v. Pierce & Associates, P.C.*, 436 Fed. Appx. 662, 665 (7th Cir. 2011); *Dornhecker*, 99 F. Supp. 2d at 924. To trigger a consumer's claim under 1681s-2(b), the credit reporting agency must give a formal notice in writing to the furnisher of information detailing the erroneous information. *Gulley*, 436 Fed. Appx. at 665; *Murray v. JPMorgan Chase NA,* 2010 WL 3283012 at *5 (C.D. Ill. Aug. 18, 2010).

*Dornhecker* demonstrates that Section 1681s-2(b) imposes upon a furnisher a duty to investigate allegedly erroneous information when that furnisher has received notice from a

*consumer reporting agency* that the credit information is disputed.  *Dornhecker*, 99 F. Supp. 2d at 928-29.  In *Dornhecker*, the plaintiff alleged that Ameritech, the furnisher of information, did not properly investigate disputed information even after the plaintiff placed several complaints to both Ameritech and the collection agency of the disputed credit information.  *Id*.  Although the plaintiff had notified Ameritech of the dispute, the consumer reporting agency had not notified Ameritech.  *Id*.  The court dismissed the plaintiff's claim without prejudice because the pleading was insufficient under FCRA.

The same result is appropriate here.  Pichugin's complaint alleges that she notified Wells Fargo of the erroneous information on her report and that she provided Wells Fargo with "documents which demonstrated the falsity of its reporting."  (Plaintiff's Amended Comp. ¶ 39.)  Nowhere in her complaint does Pichugin allege that Wells Fargo received a formal notification from the credit agency.  Without this element, under Section 1681s-2(b), Wells Fargo does not have a duty to reasonably investigate the discrepancy.  Therefore, this Court finds that Pichugin's complaint does not state a claim against Wells Fargo under FCRA Section 1681s-2(b).

Conclusion

Pichugin's FCRA complaint is not barred by the Bankruptcy Code, however, Count II of her complaint is insufficient to state a claim for relief against Wells Fargo under Section 1681s-2(b) of the FCRA. For the foregoing reasons, Wells Fargo's motion to dismiss is granted as to Count II of the complaint without prejudice.

So ordered.

February 15, 2012

_____
Sharon Johnson Coleman
District Judge